## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BBK TOBACCO & FOODS, LLP,
d/b/a HBI INTERNATIONAL,

        Plaintiff,               Case No. 2:20-cv-12193-GAD-DRG

v                                Hon. Linda V. Parker

MARK GIANGIULI,             Hon. David R. Grand
EBAY SELLER JILLYCUT and
DAWN GIANGIULI,

        Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS
## HBI'S COMPLAINT FOR IMPROPER VENUE OR,
## IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendants Mark Giangiuli, eBay Seller Jillycut and Dawn Giangiuli (collectively "Defendants"), moves this Honorable Court pursuant to Fed. R. Civ. P. 12(b)(3) to enter an Order dismissing Plaintiff HBI's Complaint for improper venue or, in the alternative, to transfer this case to another forum where venue is proper as to all Defendants, namely, the Northern District of Georgia, Atlanta Division.  In support of their Motion, Defendants state:

1.      On August 14, 2020, Plaintiff BBK Tobacco & Foods, LLP, d/b/a HBI International ("Plaintiff" or "HBI") filed its Complaint against Defendants (PageID.1-42).

2.      Paragraph 4 of HBI's Complaint alleges that Defendants are "acquiring, buying, re-selling, and otherwise distributing counterfeit" rolling papers for which Plaintiff has copyrights and trademarks (PageID.2).

3.      Paragraph 11 of HBI's Complaint acknowledges that HBI is a foreign partnership (PageID.3).  Specifically, HBI is an Arizona limited liability partnership located in Phoenix, Arizona (PageID.3, ¶11).

4.      Paragraphs 13, 15 and 19 of HBI's Complaint concedes that all three Defendants are citizens of the State of Georgia (PageID.4, ¶¶13, 15, 19).

5.      With respect to venue, Paragraph 27 of HBI's Complaint alleges that venue is purportedly "proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b) because a substantial portion of the events and/or omissions giving rise to HBI's claims occurred here, namely, Defendants' intentional purchases, sales, and/or other distributions of counterfeit RAW® Rolling Papers." (PageID.6, ¶27).

6.      Paragraph 22 of HBI's Complaint further contends that "Defendants acted in concert and participation with one another to own and operate businesses, intentionally buying, selling and/or otherwise distributing counterfeit RAW® Rolling Papers in the Eastern District of Michigan and nationwide" (PageID.5, ¶22).

7.      Thus, Plaintiff HBI's venue allegations rely upon the false presumption of Defendants' collective participation and involvement in an unlawful scheme of acquiring and selling RAW® Rolling Papers (PageID.18-28, ¶¶ 62-111).

8.     Plaintiff HBI's allegations regarding the involvement of Defendant Dawn Giangiuli are incorrect.  The Declaration of Dawn Giangiuli makes clear that she is "not an owner, operator, or employee" of Defendant eBay Seller Jillycut.  *See* ¶2 Declaration of Defendant Dawn Giangiuli, attached hereto as <u>Exhibit 1</u>.   In addition, Defendant Dawn Giangiuli does not reside in Michigan and has lived in Henry County, Georgia for nearly 22 years. *See* ¶¶3-4 <u>Exhibit 1</u>.  Most significantly, she does not sell, nor has she ever sold, rolling papers.  *See id.* ¶5.  In summary, Defendant Dawn Giangiuli was not involved and did not participate in the events and/or omissions giving rise to Plaintiff HBI's claims in the Eastern District of Michigan.  *See id.* ¶6.

9.     Venue is improper as to Defendant Dawn Giangiuli and, therefore, venue is improper as to ***all*** Defendants, requiring dismissal of HBI's Complaint or, transfer of this case to another forum where venue is proper as to all Defendants, namely, the Northern District of Georgia, Atlanta Division.  Fed. R. Civ. P. 12(b)(3); 28 U.S.C. §1406(a).

10.     Under the common law doctrine of *forum non conveniens*, Defendants have established that, even assuming, *arguendo,* venue is proper in this District, the Northern District of Georgia, Atlanta Division, is a reasonable alternate forum that the balance of private and public interests favor given the lack of deference to be accorded to foreign Plaintiff HBI's choice of forum.  28 U.S.C. §1404(a).

11.     Pursuant to Local Rule 7.1(a)(2), counsel for Defendants states that there was a conference on October 12, 2020 with counsel for Plaintiff HBI regarding the nature of the motion and its legal basis, however, concurrence was denied.

WHEREFORE, Defendants respectfully request that this Honorable Court grant its Motion and enter an Order dismissing Plaintiff HBI's Complaint for improper venue or, in the alternative, transferring this action to the United States District Court for the Northern District of Georgia, and for all such other and further relief as this Court deems appropriate.

Respectfully submitted,

**ELLIAS & ELIAS, P.C.**

Dated:  October 13, 2020          /s/ Frederick D. Elias
                                  Frederick D. Elias (P47356)
                                  Christine R. Essique (P47266)
                                  Attorneys for Defendants
                                  7091 Orchard Lake Road, Suite 110
                                  West Bloomfield, MI 48322
                                  (248) 865-8400
                                  fdelias@e3pc.net
                                  cressique@e3pc.net

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BBK TOBACCO & FOODS, LLP,
d/b/a HBI INTERNATIONAL,

        Plaintiff,                         Case No. 2:20-cv-12193-GAD-DRG

v                                    Hon. Linda V. Parker

MARK GIANGIULI,                    Hon. David R. Grand
EBAY SELLER JILLYCUT and
DAWN GIANGIULI,

        Defendants.

_____/

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS HBI'S COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

**ELLIAS & ELIAS, P.C.**
Frederick D. Elias (P47356)
Christine R. Essique (P47266)
Attorneys for Defendants
7091 Orchard Lake Road, Suite 110
West Bloomfield, MI 48322
(248) 865-8400
fdelias@e3pc.net
cressique@e3pc.net

# TABLE OF CONTENTS

Table of Contents ........................................................................................... i

Index of Authorities ...................................................................................... ii

Statement of Questions Presented ......................................................... iv

**INTRODUCTION**.................................................................................... 1

**FACTUAL BACKGROUND**……………………………………………..1

**ARGUMENT** ............................................................................................. 3

   **I.**   **This Case Should Be Dismissed Or Transferred For Improper Venue Pursuant To Rule 12(b)(3) and 28 U.S.C. §1406(a)**……..……….3

       A. Legal Standard Governing A Rule 12(b)(3) Motion……………...…..3

       B. Because Venue Is Improper In This District As To All Defendants, This Case Should Be Dismissed Or Transferred Pursuant To 28 U.S.C. §1406(a)............................................................................5

   **II.**  **Even Assuming, *Arguendo*, That Venue is Proper In This District, This Case Should Be Transferred To A More Convenient Forum**…….8

**CONCLUSION**................................................................................. 11

# INDEX OF AUTHORITIES

## *Cases*

*Audi AG & Volkswagen of Am, Inc* v *Izumi*,
   204 F. Supp. 2d 1014 (E.D. Mich. 2002)……………..…......………..………3

*Domino's Pizza PMC* v *Caribbean Rhino, Inc*,
   453 F.Supp.2d 998 (E.D. Mich. 2006)……………...……...............……….5

*First of Mich Corp* v *Bramlet*, 141 F.3d 260 (6th Cir. 1998)………….………...4

*Ford Motor Co* v *Launch Tech Co,* No. 17-12906, 2018 WL 1089276……..……..5

*Hefferan* v *Ethicon Endo-Surgery Inc*, 828 F.3d 488 (6th Cir. 2016)…………...8, 9

*IA, Inc* v *Thermacell Techs, Inc*,  983 F. Supp. 697 (E.D. Mich. 1997) ……...........5

*JKL IP Co, LLC* v *Creative Forces Grp, Inc*,
   No. 16-11941, 2016 WL 9445461 (E.D. Mich. Dec. 6, 2016)…...………..…5, 7

*Kerobo* v *Southwestern Clean Fuels Corp*, 285 F.3d 531 (6th Cir. 2002)…………4

*Leroy* v *Great Western United Corp*,  443 U.S. 173 (1979)…..…………………6

*Means* v *U.S. Conf of Catholic Bishops*,
   No. 13-CV-14916, 2015 WL 13035285 (E.D. Mich. Mar. 31, 2015)…………..6

*Overland, Inc* v *Taylor*, 79 F.Supp.2d 809 (E.D. Mich. 2000)……………….....6, 7

*Piper Aircraft Co* v *Reyno*, 454 U.S. 235 (1981)………..………..……..………..9

*Ramakrishna* v *Besser Co*,
   172 F.Supp.2d 926 (E.D. Mich. 2001) …………………..……..…………9, 11

*Ready for the World Inc* v *Riley*,
   No. 19-10062, 2019 WL 4261137 (E.D. Mich. Sept. 9, 2019)…………...……4

_TNR Indus Doors, Inc_ v _PerforMax Grp, LLC_,
    No. 13-13815, 2014 WL 2800750…………………………….………..……..7

_Vanguard Fin Serv Corp_ v _Johnson_,
    736 F.Supp. 832 (N.D.Ill.1990)…………………………………….………..…..5


**_Federal Rules of Civil Procedure_**

Fed. R. Civ. Proc. 12(b)(3)……………………..……………………………1,3,4


**_United States Code_**

28 U.S.C. § 1391(b)………………..………………   …………….……….2, 4

28 U.S.C. § 1391(b)(1)……………..………………………….…….……..5

28 U.S.C. § 1391(b)(2)……………..……………………………….……..5, 6

28 U.S.C. § 1404(a)……………..………………….……….……..…1, 8

28 U.S.C. § 1406(a)……………….…………………………….………1, 3, 4, 5, 7

## STATEMENT OF QUESTIONS PRESENTED

A.   Whether venue is improper as to Defendant Dawn Giangiuili and, therefore, venue is improper as to all Defendants, requiring dismissal of HBI's Complaint or, transfer of this case to another forum where venue is proper as to all Defendants, namely, the Northern District of Georgia, Atlanta Division pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a)?

Defendants answer:                **"YES."**

The Court should answer:        **"YES**."

B.   Under the common law doctrine of *forum non conveniens*, whether Defendants have established that, even assuming, *arguendo*, venue is proper in this District, the Northern District of Georgia, Atlanta Division, is a reasonable alternate forum that the balance of private and public interests favor given the lack of deference to be accorded to foreign Plaintiff HBI's choice of forum under 28 U.S.C. §1404(a)?

Defendants answer:                **"YES."**

The Court should answer:        **"YES**."

## INTRODUCTION

The Court should grant Defendants' Motion to Dismiss HBI's Complaint for Improper Venue Or, In The Alternative, To Transfer Venue, for the following reasons:

A.     Venue is improper as to Defendant Dawn Giangiuli and, therefore, venue is improper as to *all* Defendants, requiring dismissal of HBI's Complaint or, transfer of this case to another forum where venue is proper as to all Defendants, namely, the Northern District of Georgia, Atlanta Division.  Fed. R. Civ. P. 12(b)(3); 28 U.S.C. §1406(a).

B.     Under the common law doctrine of *forum non conveniens*, Defendants have established that, even assuming, *arguendo,* venue is proper in this District, the Northern District of Georgia, Atlanta Division, is a reasonable alternate forum that the balance of private and public interests favor given the lack of deference to be accorded to foreign Plaintiff HBI's choice of forum.  28 U.S.C. §1404(a).

## FACTUAL BACKGROUND

On August 14, 2020, Plaintiff BBK Tobacco & Foods, LLP, d/b/a HBI International ("Plaintiff" or "HBI") filed its Complaint against Defendants Mark Giangiuli, eBay Seller Jillycut and Dawn Giangiuli (collectively "Defendants") (PageID.1-42).  Paragraph 4 of HBI's Complaint alleges that Defendants are

"acquiring, buying, re-selling, and otherwise distributing counterfeit" rolling papers for which Plaintiff has copyrights and trademarks (PageID.2).

Paragraph 11 of HBI's Complaint acknowledges that HBI is a non-domestic partnership (PageID.3).  Specifically, HBI is an Arizona limited liability partnership located in Phoenix, Arizona (PageID.3, ¶11).  Further, Paragraphs 13, 15 and 19 of HBI's Complaint concedes that all three Defendants are citizens of the State of Georgia (PageID.4, ¶¶13, 15, 19).

With respect to venue, Paragraph 27 of HBI's Complaint alleges that venue is purportedly "proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b) because a substantial portion of the events and/or omissions giving rise to HBI's claims occurred here, namely, Defendants' intentional purchases, sales, and/or other distributions of counterfeit RAW® Rolling Papers." (PageID.6, ¶27).  Paragraph 22 of HBI's Complaint further contends that "Defendants acted in concert and participation with one another to own and operate businesses, intentionally buying, selling and/or otherwise distributing counterfeit RAW® Rolling Papers in the Eastern District of Michigan and nationwide" (PageID.5, ¶22).  Thus, Plaintiff HBI's venue allegations rely upon the false presumption of Defendants' collective participation and involvement in an unlawful scheme of acquiring and selling RAW® Rolling Papers (PageID.18-28, ¶¶ 62-111).

Plaintiff HBI's allegations regarding the involvement of Defendant Dawn Giangiuli are incorrect.  The Declaration of Dawn Giangiuli makes clear that she is "not an owner, operator, or employee" of Defendant eBay Seller Jillycut.  *See* ¶2 Declaration of Defendant Dawn Giangiuli, attached hereto as <u>Exhibit 1</u>.  In addition, Defendant Dawn Giangiuli does not reside in Michigan and has lived in Henry County, Georgia for nearly 22 years. *See* ¶¶3-4 <u>Exhibit 1</u>.  Most significantly, she does not sell, nor has she ever sold, rolling papers.  *See id.* ¶5.  In summary, Defendant Dawn Giangiuli was not involved and did not participate in the events and/or omissions giving rise to Plaintiff HBI's claims in the Eastern District of Michigan.  *See id.* ¶6.

## ARGUMENT

### I.    This Case Should Be Dismissed Or Transferred For Improper Venue Pursuant To Rule 12(b)(3) and 28 U.S.C. §1406(a).

### A.    Legal Standard Governing A Rule 12(b)(3) Motion.

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss an action because it was filed in an improper venue.  Fed. R. Civ. P. 12(b)(3). On a motion to dismiss for improper venue, "the plaintiff bears the burden of proving that venue is proper." <u>*Audi AG & Volkswagen of Am, Inc*</u> v <u>*Izumi*</u>, 204 F. Supp. 2d 1014, 1022 (E.D. Mich. 2002) (citations omitted).   Further, the Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff."  *Id.* at 1017.  "[W]hether to dismiss or

transfer is within the district court's sound discretion." *First of Mich Corp* v

*Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

A dismissal for improper venue may be based on Rule 12(b)(3), but the requirements for what is a proper venue are established by 28 U.S.C. §1391(b). *Kerobo* v *Southwestern Clean Fuels Corp*, 285 F.3d 531, 538 (6th Cir. 2002); *see also Ready for the World Inc* v *Riley*, No. 19-10062, 2019 WL 4261137, at *3 (E.D. Mich. Sept. 9, 2019).

In suits not based solely on diversity jurisdiction, venue is controlled by Section 1391 of Title 28 of the U.S. Code, which provides in relevant part:

(b) Venue in general. – A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). If venue is found to be improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. §1406(a).

**B.** **Because Venue Is Improper In This District As To *All* Defendants, This Case Should Be Dismissed Or Transferred Pursuant To 28 U.S.C. § 1406(a).**

In the present case, Plaintiff HBI concedes that all Defendants reside in Georgia (PageID.4, ¶¶13, 15, 19). Accordingly, 28 U.S.C. §1391(a) is inapplicable. Similarly, under 28 U.S.C. §1391(b)(2), Plaintiff cannot meet its burden of proving that "a substantial part of events" giving rise to its claims occurred in this District. Specifically, Plaintiff HBI cannot meet its burden of proving that venue is proper because it cannot credibly be disputed that this District is improper for Defendant Dawn Giangiuli. Exhibit 1. As will be demonstrated *infra*, venue is improper in this District as to all Defendants and, pursuant to 28 U.S.C. § 1406(a), this case should be dismissed or transferred to another District where venue is proper.

While courts have found venue proper in claims under the Lanham Act under § 1391(b)(2) in districts where confusion about the origin of the product is likely to occur, it is well-settled that, in cases with multiple defendants, ***venue must be proper with respect to all defendants***. *IA, Inc* v *Thermacell Techs, Inc,* 983 F. Supp. 697, 700 (E.D. Mich. 1997) (emphasis in original) *citing Vanguard Fin Serv Corp* v *Johnson,* 736 F.Supp. 832, 839 (N.D.Ill.1990). *See also Domino's Pizza PMC* v *Caribbean Rhino, Inc*, 453 F.Supp.2d 998, 1005-06 (E.D. Mich. 2006); *Ford Motor Co* v *Launch Tech Co*, No. 17-12906, 2018 WL 1089276, at *9 (E.D. Mich., Feb. 26, 2018); *JKL IP Co, LLC* v *Creative Forces Grp, Inc*, No. 16-11941, 2016 WL

9445461, at *5 (E.D. Mich. Dec. 6, 2016); *Means* v *U.S. Conf of Catholic Bishops*, No. 13-CV-14916, 2015 WL 13035285, at *2 (E.D. Mich. Mar. 31, 2015); *Overland, Inc* v *Taylor*, 79 F.Supp.2d 809, 811 (E.D. Mich. 2000).

In the present case, the Declaration of Dawn Giangiuli demonstrates that she is "not an owner, operator, or employee" of Defendant eBay Seller Jillycut. *See* ¶2 Exhibit 1. As acknowledged by HBI, Mrs. Giangiuli does not reside in Michigan (PageID.4, ¶19). *See also* ¶3 Exhibit 1. In addition, Mrs. Giangiuli has lived in Henry County, Georgia for nearly 22 years. *See id.* ¶4. Most significantly, Mrs. Giangiuli does not sell, nor has she ever sold, rolling papers. *See id.* ¶5. In summary, Defendant Dawn Giangiuli was not involved and did not participate in the events and/or omissions giving rise to Plaintiff HBI's claims in the Eastern District of Michigan. *See id.* ¶6.

As noted by the United States Supreme Court, "the purpose of statutorily specified venue is to protect the ***defendant*** against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy* v *Great Western United Corp*, 443 U.S. 173, 183-84 (1979) (emphasis in original). Here, neither Plaintiff HBI nor any of the Defendants are residents of Michigan. (PageID.3, ¶11; PageID.4, ¶¶13, 15, 19). Thus, consistent with the purpose of the venue statute, this Court should protect Defendant Dawn Giangiuli from having to defend herself in this District, over seven hundred miles from her home. 28 U.S.C. § 1391(b)(2). Indeed, it appears that

Plaintiff HBI named Mrs. Giangiuli as a defendant in this action merely for the reason that she is married to Mark Giangiuli.

Because venue is improper as to Defendant Dawn Giangiuli, venue is improper as to all Defendants and dismissal of HBI's Complaint, or transfer of this case to another District where venue is proper for all Defendants, is warranted under Section 1406.  28 U.S.C. § 1406(a); _JKL IP Co, LLC_, _supra_, at *5 ("the individual defendants do not reside here, nor have they committed infringement here . . . ; [a]ccordingly, because venue in this district is improper as to some defendants, it is improper as to all of them").  _See also TNR Indus Doors, Inc_ v _PerforMax Grp, LLC_, No. 13-13815, 2014 WL 2800750, at *5 (E.D. Mich. June 17, 2014) _citing Overland, Inc_, _supra_, 79 F.Supp.2d at 813 (E.D. Mich. 2000) (although the plaintiff demonstrated that venue was proper as to Allmark and PerforMax, it failed to demonstrate that venue is proper as to Markham and "venue must be proper as to _all_ Defendants").

Therefore, this Court should dismiss the action pursuant to 28 U.S.C. § 1406(a) because venue is improper in this District as to all Defendants.  In the alternative, because there is another forum where venue is proper as to all Defendants in this case, namely, the Northern District of Georgia, Atlanta Division, this Court may transfer this case to the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. § 1406(a).

## II.      Even Assuming, *Arguendo*, That Venue Is Proper In This District, This Case Should Be Transferred To A More Convenient Forum.

Even assuming, *arguendo*, that venue is proper in this District, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Analysis and application of the common law doctrine of *forum non conveniens* involves a three-step analysis:  "[a]fter the court determines the degree of deference owed the plaintiff's forum choice, the [movant] carries the burden of establishing an adequate alternative forum and showing that the plaintiff's chosen forum is unnecessarily burdensome based on public and private interests." *Hefferan* v *Ethicon Endo-Surgery Inc*, 828 F.3d 488, 492 (6th Cir. 2016). In *Hefferan, supra*, the Sixth Circuit explained the private interest factors include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. To examine them, the district court must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action.

828 F.3d at 498 (quotation marks and citation omitted). The court in *Hefferan* also summarized the public interest factors as including:

> administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest

in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. To evaluate them, district courts must consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to the plaintiff's chosen forum. These factors will typically thrust the court into the merits of the underlying dispute.

                                        *    *    *

The primary local-interest considerations are the parties' connections to the local forum and the location of the injury.

*Id.* at 500 (citations omitted).

In the present case, Plaintiff HBI's choice of forum should be accorded no deference given that it is a foreign partnership, specifically, an Arizona limited liability partnership located in Phoenix, Arizona (PageID.3, ¶11). *Ramakrishna* v *Besser Co*, 172 F.Supp.2d 926, 929 (E.D. Mich. 2001) *citing Piper Aircraft Co* v *Reyno*, 454 U.S. 235, 255-56 (1981) ("when the home forum has been chosen, it is reasonable to assume that the choice is convenient, [w]hen the plaintiff is foreign, however, this assumption is much less reasonable; because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference").

Further, examination of the public and private interest factors all weigh in favor of transferring this matter to Georgia, where all the Defendants reside, and Defendant eBay Seller Jillycut's merchandise is located.  Indeed, given that all Defendants and the rolling papers in question are in Georgia, it is a far more

convenient forum.  According to the allegations of HBI's Complaint, Defendants are engaged in an unlawful scheme of acquiring and selling RAW® Rolling Papers. (PageID.18-28, ¶¶ 62-111). Plaintiff complains that it "cannot verify the conditions under which Defendants' counterfeit goods are manufactured, stored, and sold…" (PageID.2, ¶7).  While Defendants do not concede that they are counterfeiting RAW® Rolling Papers, those Defendants who were storing and selling rolling papers are located in Georgia, and inspections of the stored and sold goods would, naturally, occur in Georgia.  The expense of litigating in Michigan includes the necessity of travel, the requirement of hiring a Michigan law firm to associate with Defendants' local counsel and all the additional expenses associated with defending a case hundreds or thousands of miles from where any party, or nearly all, if not all, evidence is located.

In addition, while all courts are congested due to the Covid-19 Pandemic, upon information and belief, Michigan courts have been conducting far less business than have those in Georgia. It would be completely unreasonable to ask a Michigan Jury to participate in a trial between an Arizona company and Defendants from Georgia just because the Arizona company had its agents order a small fraction of rolling papers in Michigan.  Further, eBay is on the internet everywhere, so the connection of the underlying dispute to Michigan is no stronger than any other State in which consumers use the internet.  Because Defendants have met their burden of

establishing that the Northern District of Georgia, Atlanta Division, is a reasonable alternate forum that the balance of private and public interest favors transfer, dismissal based on *forum non conveniens* is warranted in the instant action. *Ramakrishna*, *supra*, 172 F.Supp.2d at 933 (granting dismissal based on *forum non conveniens* because alternate forum that will provide both parties with more complete compulsory access to the evidence and witnesses that they need exists).

## CONCLUSION

For the above reasons, Defendants respectfully request that this Honorable Court grant its Motion and enter an Order dismissing Plaintiff HBI's Complaint for improper venue or, in the alternative, transferring this action to the United States District Court for the Northern District of Georgia, and for all such other and further relief as this Court deems appropriate.

Respectfully submitted,

**ELLIAS & ELIAS, P.C.**

Dated:  October 13, 2020

/s/ Frederick D. Elias
Frederick D. Elias (P47356)
Christine R. Essique (P47266)
Attorneys for Defendants
7091 Orchard Lake Road, Suite 110
West Bloomfield, MI 48322
(248) 865-8400
fdelias@e3pc.net
cressique@e3pc.net

11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

BBK TOBACCO & FOODS, LLP,
d/b/a HBI INTERNATIONAL,

                Plaintiff,                        Case No. 2:20-cv-12193-GAD-DRG

v                                           Hon. Linda V. Parker

MARK GIANGIULI,                        Hon. David R. Grand
EBAY SELLER JILLYCUT and
DAWN GIANGIULI,

                Defendants.

_____/

## <u>INDEX OF EXHIBITS</u>

## <u>DEFENDANTS' MOTION TO DISMISS</u>
## <u>HBI'S COMPLAINT FOR IMPROPER VENUE OR,</u>
## <u>IN THE ALTERNATIVE, TO TRANSFER VENUE</u>

<u>Exhibit 1</u>           Declaration of Defendant Dawn Giangiuli

EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BBK TOBACCO & FOODS, LLP,
d/b/a HBI INTERNATIONAL,

             Plaintiff,

v

MARK GIANGIULI,
EBAY SELLER JILLYCUT and
DAWN GIANGIULI,

             Defendants.
_____/

Case No. 2:20-cv-12193-GAD-DRG
Hon. Linda V. Parker
Hon. David R. Grand


## <u>DECLARATION OF DEFENDANT DAWN GIANGIULI</u>

I, Dawn Giangiuli, declare as follows:

1.     I am a defendant in this matter, and I make this Declaration in support of Defendants' Motion to Dismiss HBI's Complaint for Improper Venue Or, In The Alternative, To Transfer Venue.   I make this Declaration based upon personal knowledge, and I am familiar with and competent to testify as to all matters stated herein.

2.     I am not an owner, operator or employee of Defendant Ebay Seller Jillycut also known as Jillycut's Junk.

3.     I am not a resident of Michigan.

4.     I am domiciled in Henry County, Georgia, where I have lived for 22 years this December.  I have lived in Georgia for 23 years.

5.     I do not sell, nor have I ever sold, rolling papers.

6.     In summary, I was not involved and I did not participate in the events and/or omissions giving rise to HBI's claims in the Eastern District of Michigan.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.  Signed this 12th day of October, at Stockbridge, Georgia.


_____
**DAWN GIANGIULI**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of records for all parties in the above cause electronically, in accordance with Fed. R. Civ. P. 5(d).

/s/ Frederick D. Elias
Frederick D. Elias (P47356)
Ellias & Elias, P.C.
7091 Orchard Lake Road, Suite 110
West Bloomfield, MI 48322
fdelias@e3pc.net