UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BBK TOBACCO & FOODS, LLP, d/b/a HBI INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>EBAY SELLER JILLYCUT, et al.,<br><br>Defendants. | Case No. 1:21-CV-00666-ELR |

## STIPULATED PROTECTIVE ORDER

Presently before the Court is the Parties "Stipulated Protective Order," whereby the Parties request that the Court enter a Stipulated Protective Order in this case. [Doc. 45].  Pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, and it appearing that discovery in this action will involve the disclosure of "Confidential Information" (as defined herein), the Court **GRANTS** the Parties' request to enter their "Stipulated Protective Order." [Doc. 45].

Thus, the Court **ORDERS** that BBK TOBACCO & FOODS, LLP, d/b/a HBI INTERNATIONAL ("Plaintiff") and Defendants EBAY SELLER JILLYCUT, MARK GIANGIULI, and DAWN GIANGIULI (together, "Defendants"), and any other party or non-party, that, by itself or through its counsel, agrees to the terms of this Protective Order and/or receives disclosures of

Confidential Information ("Party" or "Parties") shall be governed by the following terms and conditions in connection with the production and disclosure of Confidential Information in this action.

1. **Introduction and Scope.** This Protective Order shall govern any and all manner and means of discovery, including entry onto land or premises, inspection of any and all documents and electronically stored information, and disclosure of information by other means, including communications between counsel. This Protective Order applies to all information produced or disclosed since the filing of this action regardless of whether such information was produced or disclosed prior to or after the entry of this Protective Order.

2. **Definitions.**

   a. The terms "attorney-client privilege" and "work-product protection" have the same meanings as set forth in Fed. R. Evid. 502(g).

   b. The term "Confidential Information" means any information, whether oral or in documents, electronically stored information, or tangible things that is of the type protectable from public disclosure under Fed. R. Civ. P. 26(c), as well as social security numbers and bank account information, and is so designated by the producing person in accordance with this Protective Order, as well as any information copied or extracted therefrom. The definition of Confidential Information is further described in Section 3.

c. The term "consultant" means a person to whom it is necessary to disclose Confidential Information for the purposes of this action. A consultant includes testifying experts, graphic consultants, data processing consultants, and jury consultants. The term consultant includes support and clerical personnel employed or engaged by a consultant.

d. The term "Outside Counsel" means the individual counsel of record and other attorneys associated with the law firms of counsel of record. The term counsel also includes support and clerical personnel employed or engaged by counsel.

e. The term "House Counsel" means attorneys who are employees of a Party and whose job responsibility with the Party are legal in nature and have no involvement in competitive non-legal decision-making for the Party.

f. The term "document" means both documents and electronically stored information as those terms are used in Fed. R. Civ. P. 34. A draft or non- identical copy is a separate document within the meaning of the term.

g. The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

  h. The term "producing person" means any person, whether a party or nonparty, that produces or discloses any information in response to any discovery method permitted by the Federal Rules of Civil Procedure or that provides or discloses information during a hearing or other proceeding in this action.

  i. The term "Receiving Party" means any person to whom information is disclosed by a producing person.

**3.** **<u>Designation of Confidential Information</u>.**

  a. Confidential Information may be designated as "CONFIDENTIAL" and treated as "CONFIDENTIAL" if it (a) has been produced by a producing person; and (b) has been so designated by the producing person or by one of the parties.

  b. To designate information as "CONFIDENTIAL," the producing person must reasonably and in good faith believe that the information reflects:

    i. Non-public, commercially-sensitive business or personal information, such as product prices and costs; marketing plans, strategies, or methods; or financial documents having current or future applicability; social security numbers and bank account information; or

      ii.    Non-public information used in the operation of a business that, as of the date of production, has been subject to internal controls limiting its dissemination and if available to the public would likely cause the producing person substantial commercial or reputational harm.

    **4.**    **<u>Identification and Labeling of Confidential Information</u>.**

The designation of Confidential Information or materials for purposes of this Protective Order shall be made in the following manner by the producing party seeking protection, and shall further be consistent with any applicable Local Rule of the United States District Court for the Northern District of Georgia ("LR"):

    a.    In the case of documents, such as exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" to any material containing any Confidential Information at the time such materials are produced or disclosed.

    b.    In the case of depositions: (i) by a statement on the record, by counsel, during such deposition that the entire transcript or a portion thereof shall be designated as CONFIDENTIAL; or (ii) by written notice of such designation to counsel for all other Parties and the court reporter within fifteen (15) business days

following the receipt of the transcript of the deposition. During a deposition, the deponent or any counsel present at the deposition may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the Party that testimony about to be given is Confidential Information. The designating party shall have the right to exclude any person not entitled under this Protective Order to receive the Confidential Information.

    c.  In the case of hearing testimony, or in other court proceedings, whenever counsel deems that any question or line of questioning calls for the disclosure of Confidential Information, counsel may designate on the record prior to such disclosure that the information is Confidential Information and the designating party may also request to exclude any person not entitled under this Protective Order to receive the Confidential Information.

    d.  In the case of Confidential Information produced in electronic format and for any other tangible items: by affixing the legend "CONFIDENTIAL" in a prominent place on the exterior of the container or containers, or electronic media (including but not limited to CD or DVD), in which the Confidential Information is stored.

5. **Limitations on Access to Confidential Information; Restrictions on Use.**

    a. Confidential Information, once designated as CONFIDENTIAL, may be disclosed only to the following persons:

        i. Outside Counsel;

        ii. House Counsel for a Party designated by the Party to receive all Confidential Information and conditioned upon the House Counsel's compliance with Section 6;

        iii. Employees of the Parties that the Parties in good faith believe need to have access to such information for the prosecution or defense of this matter, subject to and conditioned upon the employee'scompliance with Section 6;

        iv. In preparation for a deposition or trial, or for examination at a deposition or trial, authors or recipients of confidential documents and materials;

        v. Independent experts and consultants of the Parties subject to and conditioned upon compliance with Sections 6 and/or 7 as applicable; and

    vi. The Court and Court personnel, including stenographic reporters.

  b. All Confidential Information subject to this Protective Order that is received by a party shall be kept in secure facilities or otherwise stored in a manner to prevent its disclosure to unauthorized persons or the public.

  **6.** **<u>Procedure for Designated Employees, Experts and Consultants to Access Confidential Information</u>.** The Parties agree that all persons listed in Sections 5(a)(iii)-(v) above may be given access to Confidential Information provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the declaration attached as Exhibit A, an executed copy of which shall be maintained by counsel of record.

  **7.** **<u>Disclosure to Experts and Consultants</u>.** Before any documents, testimony, or other information designated as "CONFIDENTIAL" are disclosed to an independent expert or consultant, the receiving party shall give the producing party ten (10) days written notice of the proposed expert or consultant. If the producing party objects to the expert or consultant, no designated material or information of the producing party shall be disclosed to the expert or consultant until the issue is resolved by the Court.

**8.     Challenge To Confidentiality Designation/ Protective Order.**

This Protective Order is entered solely for the purpose of facilitating the exchange of information between the Parties to this action without involving the Court unnecessarily in this process. If a Receiving Party desires to disclose Confidential Information to a non-qualified person, or if the Receiving Party disagrees with a producing person's designation of documents or material as CONFIDENTIAL, then the Receiving Party shall so notify counsel for the producing person in writingand confer in good faith as described in this Section.

A party that challenges a designating party's designation of documents or material as CONFIDENTIAL must, in writing,: (a) identify with particularity (*i.e.*, by Bates number, page and line of deposition transcript; or otherwise) the challenged material or information; (b) explain the basis for its belief that the confidentiality designation was not proper; and (c) give the designating party a minimum of five (5) business days to review the designated material and remove or modify the designation or explain the basis for the original designation.

If the producing party does not respond, provide adequate justification, or agree to remove or modify the designation, the objecting party may seek relief from the Court. The producing party shall bear the burden of establishing that the designation of documents or material as CONFIDENTIAL is appropriate.

9. **Procedure To File Under Seal Confidential Information.** In the event that a party seeks to file materials designated as CONFIDENTIAL the filing party shall comply with the Local Rules for the United States District Court for the Northern District of Georgia concerning the same.

10. **Counsel Bound By Protective Order.** All counsel, including Outside Counsel and House Counsel for the Parties who have access to information designated as "CONFIDENTIAL", are bound by this Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order. Counsel for Plaintiff may not use any documents, material, or information designated as CONFIDENTIAL and produced in this case in any other case or disclose such confidential information to any of their other clients.

11. **No Prejudice.** Entering into, agreeing to, or producing or receiving documents, material, or information designated as CONFIDENTIAL or otherwise complying with the terms of this Protective Order shall not:

   a. Prevent counsel from giving legal advice and opinions to his or her client based on his or her evaluation of information designated as CONFIDENTIAL produced by any party, provided that such rendering of advice and opinions shall not directly or indirectly reveal the content of such information.

b. Operate as an admission by any party that any particular information designated as CONFIDENTIAL contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of Confidential Information;

c. Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

d. Prejudice in any way the rights of a party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

e. Prejudice in any way the rights of a party to move the Court to amend or modify this Protective Order or to seek a further protective order relating to any Confidential Information or other information;

f. Prejudice in any way the rights of a Party to ask the Court to permit any person, otherwise subject to exclusion from any part of a hearing or proceeding at which Confidential Information may be disclosed, to remain present during the hearing or proceeding notwithstanding the disclosure of the Confidential Information;

g. Prevent the parties from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information;

h. Prevent the parties from agreeing in writing to alter or extend the deadlines, time periods, and timelines contained in this Protective Order.

12. **Inadvertent Production of Privileged or Confidential Information**.

a. If, in connection with the pending litigation, a party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

b. If, in connection with the pending litigation, the Disclosing Party improperly designates Confidential Information, the disclosure of the improperly designated Confidential Information shall not constitute or be deemed a waiver or forfeiture of any protection that the Disclosing Party would otherwise be

entitled to asset with respect to the improperly designated Confidential Information and its subject matter.

        c.     If a claim of inadvertent disclosure is made in writing by a Disclosing Party with respect to Inadvertently Disclosed Information, the Receiving Party must take reasonable steps to identify and recall the Inadvertently Disclosed Information. The Receiving Party shall return (or destroy) the Inadvertently Disclosed Information and provide the written certification within five (5) business days following the receipt of a written claim of inadvertent disclosure by the Disclosing Party.

        d.     Within five (5) business days of receipt of the notification that the Inadvertently Disclosed Information has been returned or destroyed, the Disclosing Party must produce a privilege log with respect to the Inadvertently Disclosed Information.

        e.     If the Receiving Party contests the Disclosing Party's claim of attorney-client privilege or work product protection, the Receiving Party must notify the Disclosing Party of its objection in writing within three (3) business days following receipt of the claim of inadvertent disclosure, and the Parties shall meet and confer in an effort to resolve the dispute. If the dispute cannot be resolved, the Parties will follow the procedure outlined in the Instructions for Civil Cases

(Dkt. No. 31). In the event that the Receiving Party serves an objection under this Section 11(d), its obligations to return or destroy the Inadvertently Disclosed Information under Section 11(b) are suspended until the Parties reach a resolution, or the Court resolves the dispute. Pending resolution of the dispute, the Receiving Party must not use the Inadvertently Disclosed Information or disclose it to any person.

    f. The Disclosing Party retains the burden of establishing the privileged or protected nature of the Inadvertently Disclosed Information. Nothing in this Section 11 shall limit the right of any party to petition the Court for an in camera review of the Inadvertently Disclosed Information, in accordance with the Instructions for Civil Cases (Dkt. No. 31).

    g. Any agreement by the Parties relating to Inadvertently Disclosed Information or a ruling by the Court on the dispute shall be binding in any subsequent proceeding pursuant to Fed. R. Evid. 502(d) and (e).

**13.** **<u>Discovery From Third Parties</u>.**

This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third Parties may designate information produced under either the "CONFIDENTIAL" designation. Any Party in this case may designate information produced by Third-Parties as

"CONFIDENTIAL" by providing written notice of such designation to all the other Parties, in which case any Party in receipt of such information shall apply the appropriate CONFIDENTIAL" designation to the Third Party production and treat such information in the manner in which prescribed under this Protective Order.

14. **<u>Final Disposition; Termination.</u>** The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received Confidential Information shall return such information and all copies thereof to counsel for the producing party, or shall destroy the Confidential Information at the person's discretion; provided, however, that counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney-work product (including court papers, transcripts, and attorney work product that Contain Information).

15. **<u>Use of Confidential Information in Another Action</u>**. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, (c) is served with any other legal process by one not a party to this action, or (d) is served with a request from a governmental agency, seeking

information which was designated as CONFIDENTIAL by someone other than that party, the party shall give written notice within five (5) days of receipt of such subpoena, demand or legal process, to those who designated the information CONFIDENTIAL and shall object to its production. Should the person seeking access to the information take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court. Plaintiff's counsel cannot subpoena the documents produced in this matter as part of their representation of another client in a different case.

Agreed this the 10th day of March, 2021.

| COUNSEL FOR DEFENDANTS | COUNSEL FOR PLAINTIFFS |
|---|---|
| */s/ Orion G. Webb (by express permission)*<br>Orion G. Webb (GBN 479611)<br>owebb@smithwelchlaw.com<br>**SMITH WELCH WEBB & WHITE**<br>280 Country Club Drive, Suite 300<br>Stockbridge, Georgia 30281<br>Tel: (770) 389-4864 | */s/ Alice E. Snedeker*<br>Alice E. Snedeker (GBN 151066)<br>aesnedeker@duanemorris.com<br>**DUANE MORRIS LLP**<br>1075 Peachtree St. NE, Suite 2000<br>Atlanta, Georgia 30309<br>Tel: 404-253-6900 |

**SO ORDERED**, this 12th day of March, 2021.

                                          */s/ Eleanor L. Ross*
                                          Eleanor L. Ross
                                          United States District Judge
                                          Northern District of Georgia

# EXHIBIT A

## Form of Agreement and Acknowledgment to be Bound by Stipulated Protective Order

[Name of signator] ("Signator") hereby acknowledges that he/she has read and agrees to be bound by all of the terms of the attached Stipulated Protective Order, dated _____, 2020, in the action captioned *BBK TOBACCO & FOODS, LLP, d/b/a HBI INTERNATIONAL v. eBAY SELLER JILLYCUT, et al.,* in the United States District Court for the Northern District of Georgia, Case No. 21-cv-666-ELR. Signator further agrees to consent to the jurisdiction of the United States District Court for the Northern District of Georgia for purposes of enforcement of the Protective Order. Signator further agrees that all Confidential Information, will be used only for this litigation and will not be used for any other purposes.

Dated: _____

NAME AND ADDRESS OF SIGNATOR:

_____

_____

_____